UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| SCOTTY D. ROBINSON | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 3:01-cv-214 |
| | ) | (3:99-cr-146) |
| | ) | *Jordan* |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Scotty D. Robinson ("Robinson"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. <u>Standard of Review</u>

This court must vacate and set aside Robinson's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Robinson "must show a 'fundamental defect which inherently results in a complete

miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Robinson is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Robinson pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of imprisonment of 100 months. In support of his § 2255 motion, Robinson alleges the following: (1) involuntary guilty plea and (2) ineffective assistance of counsel. In an amendment to the § 2255 motion, Robinson claims he is entitled to relief in light of the recent U.S. Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005).

2

III.  Discussion

*A. Involuntary Guilty Plea*

Robinson alleges his attorney coerced him into pleading guilty. The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961).

In accepting Robinson's guilty plea, this court fully complied with the plea colloquy procedure as mandated by Rule 11 of the FEDERAL RULES OF CRIMINAL PROCEDURE. At the time, Robinson and the court specifically engaged in the following exchange:

> THE COURT: ALL RIGHT. HAS MR. ANDERSON SPECIFICALLY ADVISED YOU AS TO EVERY ELEMENT OF THE OFFENSE CHARGED THAT THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT IN ORDER TO OBTAIN A CONVICTION AGAINST YOU?
>
> MR. ROBINSON: YES.
>
> THE COURT: AND HAS MR ANDERSON ADVISED YOU AS TO ANY DEFENSE THAT YOU MAY HAVE TO THESE CHARGES?
>
> MR. ROBINSON: YES.

THE COURT: I UNDERSTAND THAT YOU'VE ENTERED INTO A PLEA AGREEMENT THAT'S BEEN HANDED TO THE COURT. HAS MR. ANDERSON EXPLAINED THE TERMS OF THE PLEA AGREEMENT TO YOU?

MR. ROBINSON: YES. PRETTY – YEAH.

THE COURT: MR. ROBINSON, ARE YOU SATISFIED WITH MR. ANDERSON'S ADVICE AND HIS REPRESENTATION OF YOU IN THIS CASE?

MR. ROBINSON: YES.

THE COURT: MR. ANDERSON, ARE YOU SATISFIED THAT MR. ROBINSON UNDERSTANDS THE CHARGES, THE ELEMENTS OF THE OFFENSES CHARGED, AND THE LEGAL MEANINGS OF THE WORDS USED IN THE INDICTMENT?

MR. ANDERSON: YES, I AM, YOUR HONOR.

THE COURT: MR. ROBINSON, I WANT TO REMIND YOU OF YOUR CONSTITUTIONAL RIGHTS AT THIS TIME. DO YOU UNDERSTAND THAT YOU HAVE A RIGHT TO PLEAD NOT GUILTY TO ANY OFFENSE CHARGED AGAINST YOU, THAT YOU WOULD HAVE THE RIGHT TO PERSIST IN THAT PLEA, THAT YOU WOULD THEN HAVE THE RIGHT TO A TRIAL BY JURY, DURING WHICH YOU WOULD ALSO HAVE THE RIGHT TO THE ASSISTANCE OF COUNSEL FOR YOUR DEFENSE.

YOU WOULD HAVE THE RIGHT TO SEE AND HEAR ALL OF THE GOVERNMENT'S WITNESSES AND HAVE THEM CROSS-EXAMINED IN YOUR DEFENSE. YOU WOULD HAVE THE RIGHT ON YOUR OWN PART NOT TO TESTIFY UNLESS YOU CHOSE TO DO SO IN YOUR OWN DEFENSE. YOU WOULD ALSO HAVE THE RIGHT TO THE ISSUANCE OF SUBPOENAS, THAT IS, COMPULSORY PROCESS FROM THE COURT, TO COMPEL THE ATTENDANCE OF WITNESSES TO COME AND TESTIFY IN YOUR BEHALF.

DO YOU UNDERSTAND THOSE RIGHTS?

MR. ROBINSON: YES, SIR.

THE COURT: AND DO YOU UNDERSTAND THAT BY ENTERING A PLEA OF GUILTY, IF THAT PLEA IS ACCEPTED BY THE COURT, THAT THERE WILL BE NO TRIAL AND THAT YOU WILL HAVE GIVEN UP THE RIGHT TO A TRIAL OF ANY KIND, AS WELL AS THOSE RIGHTS ASSOCIATED WITH A TRIAL THAT I'VE JUST DESCRIBED TO YOU?

MR. ROBINSON: YES.

THE COURT: AND DO YOU UNDERSTAND THAT YOU'LL ALSO BE GIVING UP THE RIGHT NOT TO BE COMPELLED TO INCRIMINATE YOURSELF AND THE RIGHT TO REQUIRE THE UNITED STATES TO PROVE YOU GUILTY BEYOND A REASONABLE DOUBT?

MR. ROBINSON: YES, SIR.

THE COURT: MR. ROBINSON, HAS ANY PERSON, INCLUDING AN OFFICER, AN AGENT OF THE GOVERNMENT, PUT ANY PRESSURE ON YOU, EITHER MENTAL OR PHYSICAL, TO FORCE YOU TO PLEAD GUILTY?

MR. ROBINSON: NO.

THE COURT: ALL RIGHT. ASIDE FROM THIS PLEA AGREEMENT –

MR. ROBINSON: NO, THERE AIN'T NOBODY DONE NOTHIN' TO FORCE ME.

THE COURT: OKAY. NOW, ASIDE FROM THE PLEA AGREEMENT, HAS ANY OFFICER OR AGENT OF THE GOVERNMENT PROMISED OR SUGGESTED THAT YOU WOULD RECEIVE A LIGHTER SENTENCE OR ANY OTHER FORM OF LENIENCY IF YOU WOULD PLEAD GUILTY?

(DISCUSSION BETWEEN DEFENSE COUNSEL/DEFENDANT OFF RECORD).

MR. ROBINSON: NO.

5

[Criminal Action No. 3:99-cr-146, Court File No. 31, Transcript of Change of Plea, pp. 6 - 9].

After this exchange, the government stated the factual basis for the plea. [*Id.* at 9-10]. Robinson agreed with government's summary of the facts, stated that he was pleading guilty because he was, in fact, guilty, and was then advised by the government that he was facing a maximum penalty of up to ten years in prison. [*Id.* at 10].

It is well-settled that where a court scrupulously follows the requirements of FED. R. CRIM. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice"). Accordingly, Robinson cannot now allege that his guilty plea was coerced by his attorney and he is not entitled to relief on that claim.

### B. *Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Robinson must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Robinson alleges that, at the conclusion of the sentencing proceedings, he asked his attorney to file a notice of appeal, but his attorney failed to do so. In *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998), the Sixth Circuit held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Id.* at 459. The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id. See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

As an exhibit to its response to the § 2255 motion, the government has filed the affidavit of Douglas M. Anderson, Robinson's counsel of record, who testifies as follows: "Comes Douglas M. Anderson, Attorney for Scotty D. Robinson, and would state that during the course of the representation of Mr. Robinson in this matter he never requested an appeal or asked me to take any steps in regard to an appeal." [Court File No. 6, United States' Response, Exhibit A]. Robinson does not state what the basis of such an appeal would have been; he merely makes the bare allegation, without more, that he requested one.

Mr. Anderson does not state whether he consulted with Robinson as to his right to appeal. The court sees no reason for him to have done so, however. Robinson pleaded guilty to count one of the indictment. Based upon his criminal history, Robinson's guideline sentence range was 100 – 120 months. He did not file any objections to the presentence report. The government recommended a sentence of 100 months, the lower end of the guideline range, and that is what Robinson received. [Criminal Action No. 3:99-cr-146, Court File No. 31, Transcript of Sentencing, p. 17].

In addition, the court itself advised Robinson of his right to appeal and that, upon his request, the Clerk of Court would prepare and file the notice of appeal for him. [*Id*. at 19]. Under these circumstances, Robinson has failed to state a claim of ineffective assistance of counsel under the standard established in *Strickland*. *See, e.g., Roe v. Flores-Ortega*, 528 U.S. 470, 479-480 (2000) (in a case where the defendant pled guilty, was sentenced as expected, was informed of his appeal rights, and there were no nonfrivolous grounds for

appeal, "it would be difficult to say that counsel is 'professionally unreasonable,' as a constitutional matter, in not consulting with such a defendant regarding an appeal").

## C. *Booker*

In an amendment to his § 2255 motion, Robinson alleges he is entitled to relief pursuant to the recent U.S. Supreme Court decision of *United States v. Booker*, 125 S. Ct. 738 (2005). At this time there is no reason to apply *Booker* retroactively to a § 2255 motion such as Robinson's. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." 125 S. Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final.

The Supreme Court, in fact, quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has, in fact, held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005), *petition for cert. filed*, No. 05-5130 (May 17, 2005). Accordingly, *Booker* does not afford Robinson any relief.

IV.     Conclusion

Robinson is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.


**AN APPROPRIATE ORDER WILL ENTER.**


                                                                s/ Leon Jordan
                                                        United States District Judge